IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-795-BO

| | |
|---|---|
| K-FLEX USA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RACK & MORE, LLC, ANTOINE UTLEY, TRANSXPRESS, LLC, ADVANCED TRANSPORT, LLC, 1975 LLC, doing business as EDWARD WOLFF & ASSOCIATES, BAXTER LIOGON, INC., and ALEXANDER MILLER & ASSOCIATES,<br><br>    Defendants/Claimants | **ORDER** |

This matter is before the Court on two motions by plaintiff, K-Flex USA, LLC (K-Flex) and defendants, Landstar Ligon, Inc., TransXpress, Inc., and Nucor Wire Products, Inc., with the consent of Antoine Utley (collectively, the Moving Parties). First, the Moving Parties request entry of a default judgment against defendants Advanced Transport, LLC (Advanced), 1975, LLC, d/b/a/ Edward Wolff & Associates (Wolff), Baxter Bailey & Associates, Inc. (Baxter), and Alexander Miller & Associates (Alexander), pursuant to Federal Rule of Civil Procedure 55(b). [DE 29]. Second, the Moving Parties jointly request an order resolving claims to funds. [DE 30]

BACKGROUND

Pursuant to 28 U.S.C. § 1335, plaintiff filed this action in November 2013, after each of the original defendants made competing claims to funds in K-Flex's possession. The Court is presently holding $75,000 in funds deposited by K-Flex when it initiated this interpleader action. In June 2014, the Court allowed Nucor to intervene and to be substituted in place of defendant

Rack & More, LLC. [DE 13]. K-Flex subsequently moved for entry of default against defendants Advanced, Wolff, Baxter, and Alexander. The Clerk of Court entered default against Advanced, Wolff, Baxter, and Alexander on December 23, 2014, finding that each failed to answer or otherwise respond to plaintiff's complaint. [DE 23].

DISCUSSION

Since the Clerk's entry of default, none of the defaulted defendants have appeared or sought relief from the order entering default. None of the defaulted defendants are minors or incompetent persons, and none have appeared, either personally or by a representative.

As such, the moving parties and Utley are the only parties to this action who have not been defaulted or replaced via substitution. The moving parties have reached an agreement for distribution of the funds that does not involve the defaulted parties. [DE 30]. Mr. Utley has consented to the settlement terms. Accordingly, the Court GRANTS the motion for default judgment. Pursuant to Federal Rule of Civil Procedure 55(b)(2), judgment by default is entered against defendants Advanced, Wolff, Baxter, and Alexander on the claim asserted in the complaint.

By the consent of the parties, the Clerk is directed to pay out the funds at issue in this case as follows:

1. The sum of $7,500.00 shall be paid to K-Flex to reimburse K-Flex for attorney's fees via a check made payable to Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP, and sent to its counsel of record. All parties stipulate that K-Flex is legally entitled to these fees.

2. The sum of $15,000.00 shall be paid to TransXpress LLC, in satisfaction of the claims by TransXpress and Utley, via a check made payable to Frasier & Griffin,

PLLC, as TransXpress's counsel, and sent to Frasier & Griffin, PLLC, The Chancellor Building, 100 East Parris Street, Suite 350, Durham, North Carolina 27701.

3. The sum of $14,950.00 shall be paid to Landstar Ligon, Inc. via a check made payable to that party and sent to its counsel of record in this matter.

4. The balance of the funds shall be paid to Nucor Wire Products, Inc., in full satisfaction of its claim, via a check made payable to it and sent to its counsel of record in this matter.

With the exception of the attorneys' fees awarded to K-Flex, each party shall bear its own costs and expenses in regard to this action.

## CONCLUSION

For the foregoing reasons, the motions for an order resolving claims to funds [DE 29] and for default judgment [DE 30] are GRANTED. Judgment by default is entered against defendants Advanced Transport LLC, 1975, LLC d/b/a/ Edward Wolff & Associates, Baxter Bailey & Associates, Inc., and Alexander Miller & Associates. The Clerk is DIRECTED to pay out the funds as awarded above and to close the case.

SO ORDERED, this 31 day of March, 2015.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE